UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRIAN MCMULLEN and
DEMETRIOS ZERIS,

     Plaintiffs,

      v.

OCWEN LOAN SERVICING, LLC,

     Defendant.

1:16-cv-04120-NLH-AMD

**OPINION**

**APPEARANCES**:

JEFFREY SCOTT SIMONS
MINTZER SAROWITZ ZERIS LEDVA & MEYERS LLP
2070 SPRINGDALE ROAD
SUITE 400
CHERRY HILL, NJ 08003
    On behalf of Plaintiffs

BRETT L. MESSINGER
KASSIA FIALKOFF
DUANE MORRIS, LLP
30 SOUTH 17TH STREET
PHILADELPHIA, PA 19103-7396
    On behalf of Defendant

**HILLMAN, District Judge**

    This case involves allegations of unreasonable mortgage closing costs.  Presently before the Court are two motions: Defendant's motion to dismiss and Plaintiffs' motion to remand. For the reasons expressed below, Plaintiff's motion will be denied, and Defendant's motion will be granted.

## BACKGROUND

The following allegations are contained in Plaintiffs'
complaint and are assumed true for purposes of this motion.[1]
Plaintiff, Brian McMullen, purchased the property located at 28
Patriot Court, Sicklerville, New Jersey on an unspecified date.
At or around the time he purchased the property, McMullen took
out a mortgage on the property.  The mortgagee is not identified
in the complaint.  On or around October 7, 2010, Plaintiff,
Demetrios Zeris, obtained a second mortgage on the property in
the amount of $300,000.[2]  Zeris subsequently foreclosed on the
property.

On or about October 14, 2014, Zeris sold the property to
unrelated buyers for $309,000.  At closing, Defendant, Ocwen
Loan Servicing, LLC, purported to hold the first mortgage, taken
out by plaintiff McMullen.  According to the Complaint,
Defendant has never provided any documentation proving that it
is the rightful, legal holder of the first mortgage despite

---

[1] In keeping with the Court's duty to assume the veracity the
allegations contained in the Complaint when deciding the pending
Motion to Dismiss, Morse v. Lower Merion Sch. Dist., 132 F.3d
902, 906 (3d Cir.1997), any contradictory factual assertions on
the part of Defendants have not been credited.  The Court makes
no findings with regard to the veracity of Plaintiffs'
allegations.

[2] Although the Complaint is unclear, the circumstances suggest it
was McMullen who gave Zeris a mortgage on the property in
exchange for value.

repeated requests for that information.  At closing, Defendant
presented a list of closing costs including, but not limited to,
those pertaining to and entitled "Escrow Advance" in the amount
of $95,047.40, "Property Inspection Fee" in the amount of
$301.25, "Property Maintenance Expense" in the amount of
$2,781.75, "Title Report Fee" in the amount of $1,050.00,
"Property Valuation Expense" in the amount of $1,578.00, "FC
Thru Title Searches" in the amount of $375.00, "FC Thru
Complaint" in the amount of $1,091.25, "FC Thru Judgment" in the
amount of $1,000.00, "Civil Litigation" in the amount of
$600.00, and "Additional/Hourly/Court Appearance" in the amount
of $1,200.00.  At the time of the closing on October 14, 2014,
the title company, Connection Title Agency of NJ, LLC, paid the
closing costs listed above so Zeris would not lose the sale.

    The Complaint alleges that the listed closing costs are
unreasonable, unjustified and unlawful.  At no time before, at,
or after closing did Defendant provide any support,
documentation, verification, or justification for the closing
costs.  Plaintiffs assert that they have repeatedly requested
from Defendant any support, documentation, verification, or
justification for the closing costs, but have been stonewalled
by defendant at every turn.

    Plaintiffs alleges four causes of action: a) breach of
contract (Count One); b) fraud (Count Two); c) breach of

3

fiduciary duty (Count Three); and d) misallocation of funds (Court Four).  Plaintiffs demand judgment against Defendant for compensatory damages, interest, fees, and costs of suit. (Docket No. 1-2 at 7-10.)

The Defendant has moved to dismiss Plaintiffs' complaint, arguing that Plaintiffs have failed to state any cognizable claims.  Plaintiffs have opposed Defendant's motion to dismiss, and filed a motion to remand their case to state court based on their stipulation that they will not seek damages in excess of $75,000.  Defendant has opposed Plaintiffs' motion to remand, arguing that Plaintiffs' post-removal stipulation of damages is inconsequential to this Court's exercise of subject matter jurisdiction.

## DISCUSSION

### A.   Subject matter jurisdiction

Defendant removed this action from New Jersey state court to this Court pursuant to 28 U.S.C. § 1441.  This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  The citizenship of the parties is as follows: Plaintiffs are citizens of New Jersey, and Defendant is a citizen of the U.S.

4

Virgin Islands.[3]

**B.   Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for
failure to state a claim upon which relief can be granted
pursuant to Federal Rule of Civil Procedure 12(b)(6), a court
must accept all well-pleaded allegations in the complaint as
true and view them in the light most favorable to the plaintiff.
Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well
settled that a pleading is sufficient if it contains "a short
and plain statement of the claim showing that the pleader is
entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the
liberal federal pleading rules, it is not necessary to plead
evidence, and it is not necessary to plead all the facts that
serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562
F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal
Rules of Civil Procedure do not require a claimant to set forth
an intricately detailed description of the asserted basis for
relief, they do require that the pleadings give defendant fair
notice of what the plaintiff's claim is and the grounds upon
which it rests."  Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S.
147, 149-50 n.3 (1984) (quotation and citation omitted).

---

[3] Ocwen's sole member is Ocwen Mortgage Servicing, Inc., a
corporation organized under the laws of the United States Virgin
Islands, with its principal place of business in the United
States Virgin Islands.

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly

6

formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a

7

Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

### C.  Analysis

As a primary matter, Plaintiffs' attempt to cap their damages below the jurisdictional threshold of $75,000 to defeat subject matter jurisdiction fails.  "A district court's determination as to the amount in controversy must be based on the plaintiff's complaint at the time the petition for removal was filed," and "the amount in controversy must be calculated based on a reasonable reading of the complaint." Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) (quotations and citations omitted).  "[A] plaintiff's stipulation subsequent to removal as to the amount in controversy or the types of relief sought is of no legal significance to the court's determination." Id. at 667 (quotations and citations omitted).

Plaintiffs' complaint challenges the appropriateness of over $100,000 in fees charged by Defendant, and Plaintiffs seek compensatory damages, interest, fees, and other costs.  A reasonable reading of Plaintiffs' complaint easily demonstrates the amount in controversy at the time Defendant removed Plaintiffs' complaint was in excess of $75,000.  Plaintiffs' post-removal stipulation to limit their damages below $75,000 does not affect this Court's subject matter jurisdiction over the matter.

With regard to the substance of Plaintiffs' claims, the Court finds that they do not meet the requirements of Rule 8 and Twombly/Iqbal.  The sum and substance of Plaintiffs' complaint is that Defendant failed to provide "any support, documentation, verification, and/or justification for the closing costs" Defendant charged Plaintiff Zeris at the closing, and that the costs charged were unreasonable and unlawful, constituting a breach of contract, fraud, breach of fiduciary duty, and a "misallocation of funds."

"To prevail on a breach of contract claim under New Jersey law, a plaintiff must establish three elements: (1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages."  Grande Village LLC v. CIBC Inc., 2015 WL 1004236, at *5 (D.N.J. March 6, 2015) (quoting Sheet Metal Workers Intern. Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc., 737 F.3d 879, 900 (3d Cir. 2013) (citing Coyle v. Englander's, 488 A.2d 1083, 1088 (N.J. Super. Ct. App. Div. 1985)).

Plaintiffs' allegations cannot support their breach of contract claim because not only do they fail to identify the operable contract and the provisions of the contract Defendant allegedly violated, Plaintiffs effectively claim that there is

9

no contract – i.e., no "support, documentation, verification, and/or justification" – that allows Defendant to impose those fees.  Without the identification of a contract in the complaint, Plaintiffs have failed to state a viable breach of contract claim at the most basic level.  See, e.g., Grande Village, 2015 WL 1004236, at *5 (finding that to the extent that plaintiffs allege that defendants breached the loan documents when they declared plaintiffs in technical default, plaintiffs' claim fails because they did not identify what contract, or contractual provision, defendants allegedly breached) (citing Wingate Inns Intern., Inc. v. Cypress Centre Hotels, LLC, No. 11-6287, 2012 WL 6625753, at *9 (D.N.J. Dec. 19, 2012) (determining that the Court cannot draw a reasonable inference of liability for breach of contract without identification of the specific agreement and related provision relied upon); Eprotec Preservation, Inc. v. Engineered Materials, Inc., No. 10-5097, 2011 WL 867542, at *8 (D.N.J. Mar. 9, 2011) ("Under New Jersey law, a complaint alleging breach of contract must, at a minimum, identify the contracts and provisions breached"[;] "Failure to allege the specific provisions of contracts breached is grounds for dismissal.")).

    Plaintiffs' fraud and breach of fiduciary duty claims meet

the same fate as their breach of contract claim.[4]  "The elements of common-law fraud are (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages."  Allstate New Jersey Ins. Co. v. Lajara, 117 A.3d 1221, 1231 (N.J. 2015) (citation omitted).  In addition to setting forth the necessary elements, the stringent pleading requirements of Fed. R. Civ. P. 9(b) apply to a claim of common law fraud.  Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

In order to state a claim for breach of fiduciary duty, a plaintiff must allege: (1) the existence of a fiduciary relationship, (2) a breach of the duty imposed by that relationship, and (3) harm to the plaintiff.  Canon Financial Services, Inc. v. Bray, 2015 WL 851816, at *4 (D.N.J. 2015) (citing F.G. v. MacDonell, 150 N.J. 550, 561-64, 696 A.2d 697 (1997)).

Other than stating in a conclusory fashion that the closing costs imposed by Defendant were "unreasonable, unjustified,

---

[4] Plaintiffs also assert a count for "misallocation of funds," but no common law claim for "misallocation of funds" exists under New Jersey law.  Such an allegation is more properly subsumed in Plaintiffs' other claims.

11

and/or unlawful," Plaintiffs have not pleaded any facts which, if accepted as true, would support the elements of their fraud and breach of fiduciary claims.[5]  This pleading deficiency warrants dismissal of those claims.[6]

The Court recognizes that Plaintiffs filed their complaint in state court under the state court pleading standards.  The

---

[5] The Court notes that "[c]reditor-debtor relationships . . . rarely are found to give rise to a fiduciary duty." Patetta v. Wells Fargo Bank, NA, 2009 WL 2905450, at *8 (D.N.J. 2009) (citing Paradise Hotel Corp. v. Bank of Nova Scotia, 842 F.2d 47, 53 (3d Cir. 1988); United Jersey Bank v. Kensey, 306 N.J. Super. 540, 552, 704 A.2d 38 (App. Div. 1997) (finding virtual unanimity among state jurisdictions that no fiduciary relationship exists between a bank and its customers)).  "To that end, the presumption that there is no fiduciary duty between a borrower and a lender has been universally embraced by New Jersey courts." Id.

[6] Because of Plaintiffs' pleading deficiencies, the Court does not need to consider Defendant's arguments regarding standing or the application of the economic loss rule, other than to note that in order to assert a claim, a plaintiff must show "(1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision,'" Susan B. Anthony List v. Driehaus, --- U.S. ----, 134 S. Ct. 2334, 2341, 189 L. Ed. 2d 246 (2014) (alterations in original) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)), and the economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract," Marte v. Deutsche Bank National Trust Company, 2016 WL 6403082, at *4 (D.N.J. 2016) (citing Werwinksi v. Ford Motor Co., 286 F.3d 661, 671 (3d Cir. 2002); Coleman v. Deutsche Bank Nat. Trust Co., No. CIV. A. 15-1080 JLL, 2015 WL 2226022, at *4 (D.N.J. May 12, 2015) (dismissing the plaintiff's claims for negligence per se, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and slander of title where those claims were based on a contract for a mortgage loan)).

12

Court does not opine as to whether Plaintiffs' complaint would survive a motion to dismiss in state court, but the complaint clearly fails to meet federal pleading standards.  Consequently, Plaintiffs' complaint must be dismissed.[7]

An appropriate Order will be entered.


Date:  February 23, 2017            s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[7] Plaintiffs have not asked for leave to file an amended complaint, but the dismissal of their complaint is without prejudice to their right to refile their complaint in the appropriate forum abiding by the relevant pleading standards. See Hunter Roberts Const. Group, LLC v. J. Rihl, Inc., 2013 WL 3445331, at *4 n.4 (D.N.J. 2013) (citing Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007)) ("Except in civil rights cases . . . a court is not obligated to afford a plaintiff the opportunity to amend his complaint, either *sua sponte* or following the dismissal of the complaint pursuant to a motion to dismiss."); cf. Biaggi-Pacheco v. City of Plainfield, 2017 WL 401946, at *5 (D.N.J. Jan. 30, 2017) (dismissing plaintiff's claims against several, but not all, defendants for failure to plead with the specificity required by Twombly and Iqbal, but noting that plaintiff filed his complaint in state court under state pleading standards, and granting plaintiff's "very reasonable request that he be granted leave to file an amended complaint in accordance with federal standards").